FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10642 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00408-FJM |
| v. | |
| JESUS VENEGAS-LARES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Jesus Venegas-Lares appeals from the district court's judgment and

challenges the 77-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Venegas-Lares contends that the district court procedurally erred by failing to address his argument that he was entitled to a variance because his prior felony conviction that resulted in a 16-level sentencing enhancement was different in kind and seriousness from other crimes of violence that trigger the same enhancement. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court entertained Venegas-Lares's arguments and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)

Venegas-Lares also argues that his sentence is substantively unreasonable because the district court should have granted him a cultural assimilation departure and varied downward to avoid creating a unwarranted sentencing disparity between him and defendants with more violent and dangerous prior felony convictions. Our review of a district court's exercise of discretion to depart or vary on the basis of cultural assimilation is limited to determining whether the court imposed a substantively reasonable sentence. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005-08 (9th Cir. 2012), *cert. denied*, 2013 WL 1841816 (U.S. Oct. 7, 2013). The district court did not abuse its discretion in imposing Venegas-Lares's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C.

§ 3553(a) sentencing factors and the totality of the circumstances, including Venegas-Lares's extensive criminal history, the need to afford adequate deterrence, and to protect the public. *See id*.; *see also* U.S.S.G. § 2L1.2 cmt. n.8 ("[A cultural assimilation] departure should be considered only . . . [where it] is not likely to increase the risk to the public from further crimes of the defendant.").

     **AFFIRMED.**